ORIGINAL

FILED
U.S. DISTRICT COURT
AUGUSTA DIV.
2009 JUN 10 PM 12:38
CLERK_____
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | |
|---|---|
| MICHAEL L. LARKIN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CV 309-024 |
| ) | |
| FNU LAWRENCE, Deputy Warden; FNU ) | |
| JEFFERSON, Captain; ANTHONY ) | |
| WASHINGTON, Warden; and BRIAN ) | |
| OWENS, Commissioner of Corrections, ) | |
| in their individual and official capacities, ) | |
| ) | |
| Defendants. ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, an inmate currently incarcerated at Rutledge State Prison ("RSP") in Columbus, Georgia, commenced the above-captioned case pursuant to 42 U.S.C. § 1983. Plaintiff is *pro se* and is proceeding *in forma pauperis* ("IFP"). The matter is now before the Court on Plaintiff's motion for a temporary restraining order (doc. no. 3), and Plaintiff's motion for a preliminary injunction (doc. no. 4). For the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** that the motions be **DENIED**.

I. **BACKGROUND**

On March 13, 2009, Plaintiff commenced the above-captioned case by filing a complaint and a motion to proceed IFP. (Doc. nos. 1, 2). Along with these two motions, Plaintiff filed various motions for injunctive relief. (See doc. nos. 2-5). The Court granted

Plaintiff's motion to proceed IFP contingent on Plaintiff's compliance with the Court's March, 17, 2009 Order. (Doc. no. 6). Additionally, as Plaintiff is proceeding IFP, his complaint must be screened pursuant to 28 U.S.C. § § 1915(e) & 1915A. Accordingly, in a simultaneously filed Order, the Court reviewed Plaintiff's complaint in conformity with the IFP statute. Because of pleading deficiencies, Plaintiff has been directed to file an amended complaint. More specifically, in the simultaneously filed Order, the Court notes that Plaintiff has failed to provide a statement of claims in his complaint. Therefore, the Court has instructed Plaintiff to amend his complaint to include, *inter alia*, a statement of his claims.

## II. DISCUSSION

In the motion for temporary restraining order, Plaintiff requests that the Court direct Defendants to provide him with meaningful access to the court, as well as prevent his transfer to another correctional facility.[1] (Doc. no. 21, p. 1). According to Plaintiff, he is being denied meaningful access to the courts because he does not have access to the law library. Plaintiff maintains that he has suffered irreparable injury because a case he filed in the United States District Court for the Southern District of Georgia was dismissed; Plaintiff appealed the dismissal to the Eleventh Circuit, this appeal was also dismissed. Additionally, Plaintiff argues that he fears that he will be transferred to a different prison facility in

---

[1] Plaintiff has submitted both a temporary restraining order and a motion for preliminary injunction. A temporary restraining order is usually sought "to preserve the status quo until the Court can conduct a thorough inquiry into the propriety of a preliminary or permanent injunction." Hospital Resource Personnel, Inc. v. United States, 860 F. Supp. 1554, 1556 (S.D. Ga. 1994) (Bowen, J.), but it is clear that Plaintiff does not seek to preserve the status quo. In any event, the Court has evaluated Plaintiff's requests under the well-known standards generally applicable to both types of requests for injunctive relief. Bieros v. Nicola, 857 F. Supp. 445, 446 (E.D. Pa. 1994) ("The standards for a temporary restraining order are the same as those for a preliminary injunction." (citation omitted)).

retaliation for filing the instant case. Plaintiff believes that if he is transferred to a different facility, his classification will be changed and as a result, his safety will be placed in jeopardy. Therefore, Plaintiff requests a Court Order directing Defendants to provide him with access to the law library and to prevent Defendants from transferring him to a different facility.

Parties moving for injunctive relief must show the following: (1) substantial likelihood of success on the merits; (2) irreparable injury will be suffered unless the injunction issues; (3) the threatened injury to movant outweighs whatever damage the proposed injunction may cause the opposing party; and (4) if issued, the injunction would not be adverse to the public interests. McDonald's Corp. v. Robertson, 147 F.3d 1301, 1306 (11th Cir. 1998) (citing All Care Nursing Serv., Inc. v. Bethesda Mem'l Hosp., Inc., 887 F.2d 1535, 1537 (11th Cir. 1989)). "A preliminary injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly establishes the 'burden of persuasion' as to the four requisites." All Care Nursing Serv., Inc., 887 F.2d at 1537 (citing United States v. Jefferson County, 720 F.2d. 1511, 1519 (11th Cir. 1988)).

In the case at bar, Plaintiff has not met his burden of persuasion on all four requisites for obtaining injunctive relief. At the time relevant to the claims alleged in this case, Plaintiff was incarcerated at Johnson State Prison ("JSP"). However, Plaintiff is currently incarcerated at RSP. To the extent Plaintiff is seeking relief against the named JSP Defendants, he has not met his burden of persuasion on all four requisites for obtaining injunctive relief. Any claims for which Plaintiff is seeking injunctive relief against the named JSP Defendants are moot because Plaintiff has been transferred out of the facility

3

where the alleged unconstitutional conduct occurred. Spears v. Thigpen, 846 F.2d 1327, 1328 (11th Cir. 1988). Accordingly, Plaintiff has failed to meet his burden of persuasion on all four requisites for injunctive relief. Therefore Plaintiff's motions for injunctive relief should be deemed **MOOT**.

Moreover, for the sake of argument, even if Plaintiff's requests for injunctive relief were not moot, Plaintiff's requests fail. For example, Plaintiff has failed to address, let alone establish, that there is a substantial likelihood that he will prevail on the merits. First, as previously noted, Plaintiff has not provided a statement of claims in his complaint. Second, concerning Plaintiff's meaningful access to the courts claim, he argues that he has had two cases dismissed as a result of Defendants' actions, i.e. because he is in protective custody, he does not have access to the law library.

To state a viable denial of access to the courts claim, a Plaintiff must plead and prove actual injury to existing or contemplated litigation or nonfrivous (and therefore viable) claims challenging Plaintiff's sentence or conditions of confinement. Lewis v. Casey, 518 U.S. 343, 349-55 (1996); see also Wilson v. Blankenship, 163 F.3d 1284, 1291 (11th Cir. 1998) (emphasizing that an inmate's right to access the courts is only implicated where there is actual injury suffered "in the pursuit of specific types of nonfrivolous cases: direct or collateral attacks on sentences and challenges to conditions of confinement."). The Eleventh Circuit has clarified the requirements for pursuing a denial of access to the courts claim as follows:

> [A] plaintiff first must show actual injury before seeking relief . . . . This essential standing requirement means that [a defendant's] actions that allegedly violate an inmate's right of access to the courts must have impeded

4

the inmate's pursuit of a nonfrivolous, post-conviction claim or civil rights action. To prevail, a plaintiff must provide evidence of [] deterrence, such as denial or dismissal of a direct appeal, habeas petition, or civil rights case that results from actions of [a defendant].

Blankenship, 163 F.3d at 1290-91(citations omitted). Stated otherwise, there must be an allegation that the actions of a defendant acting under the color of state law "hindered . . . 'efforts to proceed with a legal claim in a criminal appeal, post conviction matter, or civil rights action seeking to vindicate basic constitutional rights.'" Id. at 1291 (quoting Sabers v. Delano, 100 F.3d 82, 84 (8th Cir. 1996) (*per curiam*)).

Here, a review of the cases that Plaintiff claims were dismissed as a result of Defendants' purported unconstitutional actions reveals that, Plaintiff's case was dismissed because Plaintiff, as he did in the instant case, failed to provide a statement of claims in his complaint.[2] See Larkin v. Williams, Civil Case No. 408-035, doc. no. 18 (S.D. Ga. Sept. 22, 2008). To properly complete the statement of claims portion of the complaint, Plaintiff need only describe the facts that support his contention that the actions of Defendants violated his constitutional rights. As there would be no need to access the law library to simply recount facts, there is no likelihood of success on the merits that Defendants' actions impeded Plaintiff's pursuit of a nonfrivolous, post-conviction claim or civil rights action.

Additionally, concerning Plaintiff's request that the Court direct Defendants from transferring Plaintiff to a different facility, inmates do not have a constitutional right to be housed at one facility or another. Meachum v. Fano, 427 U.S. 215, 224-25 (1976). Indeed,

---

[2]Plaintiff appealed the dismissal of his case, and his appeal was dismissed for failure to prosecute. Larkin v. Williams, Civil Case No. 408-035, doc. no. 24 (S.D. Ga. Nov. 12, 2008).

5

having considered the issue of involuntary prisoner transfers, the Supreme Court found no constitutional liberty interest in the involuntary transfer of an inmate to a different facility. Montanye v. Haymes, 427 U.S. 236, 242-43 (1976). Thus, Plaintiff has no right to be housed at any particular state institution.

Therefore, in the alternative Plaintiff's motions for injunctive relief should be denied because Plaintiff has failed to demonstrate that there is a substantial likelihood that he will prevail on the merits, and thus, he cannot meet his burden of persuasion on all four requisites for preliminary injunctive relief.

### III. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that Plaintiff's motion for a temporary restraining order (doc. no. 3), and Plaintiff's motion for a preliminary injunction (doc. no. 4) be deemed **MOOT**.

SO REPORTED and RECOMMENDED this 10th day of June, 2009, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE