IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| MICHAEL L. LARKIN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 309-024 |
| | ) | |
| FNU LAWRENCE, Deputy Warden; FNU JEFFERSON, Captain; ANTHONY WASHINGTON, Warden; and BRIAN OWENS, Commissioner of Corrections, | ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

After a careful, *de novo* review of the file, the Court concurs with the Magistrate Judge's Report and Recommendation ("R&R"), to which objections have been filed.[1] The Magistrate Judge recommended that Plaintiff's motion for a temporary restraining order (doc. no. 3), and Plaintiff's motion for a preliminary injunction (doc. no. 4), be deemed moot. Plaintiff raises several objections to the R&R; two of his objections merit further comment.

Plaintiff's motions for injunctive relief request that the Court direct Defendants to provide him with meaningful access to the court (doc. no. 4), as well as prevent his transfer to another correctional facility (doc. no. 3).[2] The Magistrate Judge determined that Plaintiff's

---

[1] Plaintiff's "Motion for Extension of Time" to object to the R&R is **MOOT**. (Doc. no. 17).

[2] At the time relevant to the claims alleged in this case, Plaintiff was incarcerated at Johnson State Prison ("JSP"), in Wrightsville, Georgia.

claims for injunctive relief against the named Defendants, all of whom work at JSP, are moot because Plaintiff has been transferred out of the facility where the alleged unconstitutional conduct occurred. (Doc. no. 12, pp. 3-4 (citing Spears v. Thigpen, 846 F.2d 1327, 1328 (11th Cir. 1988)). In the alternative, the Magistrate Judge found that Plaintiff was not entitled to his sought-after relief, and determined that Plaintiff's motions for injunctive relief should be denied. More specifically, concerning Plaintiff's request that the Court direct Defendants from transferring Plaintiff to a different facility the Magistrate Judge explained that inmates do not have a constitutional right to be housed at one facility or another. (Id. at 5-6 (citing Meachum v. Fano, 427 U.S. 215, 224-25 (1976)).

Plaintiff, in addressing his access to the court claim, argues that he met all four requirements for injunctive relief.[3] (Doc. no. 18, pp. 3-4). Additionally, he asserts that he established the "actual injury" requirement for a denial of access to the court claim. (Id. at 4). Indeed, Plaintiff maintains that because he did not have adequate access to the law library, he could not properly prepare and/or proceed with his appeal concerning the dismissal of Larkin v. Williams, Civil Case No. 408-035, doc. no. 18 (S.D. Ga. Sept. 22, 2008) (dismissed for his failure to provide a statement of claims in his complaint). (Id.). As a result, the Eleventh Circuit dismissed the appeal for lack of prosecution. (Id.). Importantly, however, in his motion for injunctive relief, Plaintiff specifically requests a

---

[3]Parties moving for injunctive relief must show the following: (1) substantial likelihood of success on the merits; (2) irreparable injury will be suffered unless the injunction issues; (3) the threatened injury to movant outweighs whatever damage the proposed injunction may cause the opposing party; and (4) if issued, the injunction would not be adverse to the public interests. McDonald's Corp. v. Robertson, 147 F.3d 1301, 1306 (11th Cir. 1998) (citing All Care Nursing Serv., Inc. v. Bethesda Mem'l Hosp., Inc., 887 F.2d 1535, 1537 (11th Cir. 1989)).

2

court order "compelling the wardens of Johnson State Prison to provide the petitioner with meaningful access to the courts. . . ." (Doc. no. 4, p. 1) (emphasis added).

As Plaintiff is no longer incarcerated at JSP, the facility at which the alleged unconstitutional acts occurred and where the named Defendants are located, the Magistrate Judge correctly concluded that any claims for which Plaintiff is seeking injunctive relief are moot. Spears, 846 F.2d at 1328. Therefore, as Plaintiff's motion for injunctive relief against the JSP Defendants is moot, Plaintiff's objection is **OVERRULED**.

The Court turns next to Plaintiff's objection concerning his claim for injunctive relief wherein he seeks to prevent Defendants from transferring him to another correctional facility. Plaintiff argues that this request is not moot as he was transferred pursuant to the policy of the Georgia Department of Corrections. Plaintiff maintains that because he is being transferred to different prisons pursuant to a state-wide policy, every prison is subject to the policy. Therefore, his transfer issue is capable of repetition and thus remains a case in controversy.

Even presuming, for the sake of argument, that Plaintiff was being transferred to different prisons pursuant to a policy of the Department of Corrections, he is still not entitled to the relief he seeks. As explained by the Magistrate Judge, inmates do not have a constitutional right to be housed at one facility or another. Meachum, 427 U.S. at 224-25. Indeed, having considered the issue of involuntary prisoner transfers, the Supreme Court found no constitutional liberty interest in the involuntary transfer of an inmate to a different facility. Montanye v. Haymes, 427 U.S. 236, 242-43 (1976). Thus, Plaintiff has no right to

be housed at any particular state institution, and his objection is **OVERRULED**.[4]

Accordingly, the Report and Recommendation of the Magistrate Judge is **ADOPTED** as the opinion of the Court. Therefore, Plaintiff's motion for a temporary restraining order (doc. no. 3), and Plaintiff's motion for a preliminary injunction (doc. no. 4) are **MOOT**.[5]

SO ORDERED this 11th day of September, 2009, at Augusta, Georgia.

_____
UNITED STATES DISTRICT JUDGE

---

[4]The remainder of Plaintiff's objections are also **OVERRULED**.

[5]Plaintiff also filed a "Renewed Motion for Temporary Restraining Order and Expedited Hearing." (Doc. no. 16). In this motion, Plaintiff requests that the Court reconsider his motions for injunctive relief (doc. nos. 3, 4). Plaintiff maintains that "Defendants" continue to transfer him to different prisons in retaliation for his filing the above-captioned case. (Doc. no. 16). He further states that his classification has been raised without cause or an explanation; because of this change of classification and his purported status as a snitch, Plaintiff believes that his safety is in jeopardy. (Id.). Plaintiff does not provide any new information that refutes the Court's findings that his request for injunctive relief against the named JSP Defendants is moot in light of his transfer, or that Plaintiff is not entitled to his sought-after relief, namely, to be housed at any particular state institution. Therefore, Plaintiff presents no compelling reason in his motion for the Court to reconsider the motions for injunctive relief. As such, Plaintiff's "Renewed Motion for Temporary Restraining Order and Expedited Hearing" (doc. no. 16) is **DENIED**.