IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

MICHAEL L. LARKIN, )
)
      Plaintiff, )
)
v. ) CV 309-024
)
FNU LAWRENCE, Deputy Warden, et al., )
)
      Defendants. )

## ORDER

After a careful, *de novo* review of the file, the Court concurs with the Magistrate Judge's Report and Recommendation ("R&R"), to which objections have been filed. The Magistrate Judge recommended that all claims arising at Autry State Prison ("ASP")[1] and Defendants Bruce Chatman, Marty Allen, and Jane Doe (the librarian), be dismissed from the case. The Magistrate Judge also recommended that Defendant Owens be dismissed, and that Plaintiff's claims for deliberate indifference to his safety, retaliation, and violation of the grievance procedure, be dismissed.[2] Although Plaintiff raises numerous objections to the

---

[1] Plaintiff brought claims from events occurring both at Johnson State Prison ("JSP") and ASP.

[2] By separate Order entered at the same time as the R&R, the Magistrate Judge also directed that service of process be effected on Defendants Washington and Lawrence based on Plaintiff's denial of access to the court claim, as well as on Defendants Jefferson and Burton based on Plaintiff's Eighth Amendment claims regarding deliberate indifference and general conditions of confinement. (Doc. no. 41).

R&R (doc. nos. 47, 48),[3] only a select few merit further comment.

First, Plaintiff argues that his claims arising from events occurring at ASP should not be dismissed because these claims are inextricably connected to alleged ongoing abuse and retaliatory transfers. Plaintiff's assertion that the ASP claims are inextricably connected to the claims concerning events that occurred at JSP fails. Plaintiff argues that while at ASP, he was sexually assaulted when an officer apparently failed to follow prison protocol. That officer's actions cannot be imputed to any of the named Defendants in this case. Furthermore, as noted by the Magistrate Judge, Plaintiff's claim for deliberate indifference to his safety at JSP fails. Plaintiff alleged that his safety was placed in jeopardy because "JSP" subjected him to the general population. However, as noted by the Magistrate Judge, the entirety of Plaintiff's deliberate indifference to his health claim is based on the fact that Plaintiff was assigned to protective custody and was denied certain medical aids due to the restrictive environment in protective custody. Thus, Plaintiff's claims arising from events occurring at ASP are not inextricably connected to the claims raised in the instant case.[4]

Moreover, prior to filing the instant case, Plaintiff did not exhaust the claims that he attempts to raise that occurred at ASP. Plaintiff commenced this action on March 9, 2009. He was not moved to ASP until some time in July 2009. (See doc. no. 18). Thus, Plaintiff could not have exhausted any of these claims prior to the commencement of this case. As

---

[3] Plaintiff's "Motion for Extension of Time" to object to the R&R is **MOOT**. (Doc. no. 42).

[4] Furthermore, The Magistrate Judge recommended that his claims arising from events occurring at ASP be dismissed without prejudice, so Plaintiff, if he chooses, may bring those claims in the United States District Court for the Middle District of Georgia.

2

exhaustion of administrative remedies is a "precondition" to filing suit, exhaustion under § 1997e(a) is a threshold inquiry. Higginbottom v. Carter, 223 F.3d 1259, 1261 (11th Cir. 2000) (*per curiam*); see also Miller v. Tanner, 196 F.3d 1190, 1193 (11th Cir. 1999).

Next, Plaintiff argues that the Magistrate Judge failed to address Plaintiff's asserted state law claims. With the exception of making conclusory statements such as "under state law," and mentioning the titles of certain state law claims in the relief portion of his amended complaint and supplement to the amended complaint,[5] Plaintiff fails to articulate any state law claim. In fact, the tenor of his amended complaint and supplement thereto are based resoundingly on constitutional violations. Plaintiff refers to deliberate indifference to his health and safety, and retaliation, claims that were addressed by the Magistrate Judge.

Furthermore, it is insufficient, even at this stage of the proceedings to simply name

---

[5]Despite being instructed that no portion of any prior complaint shall be incorporated into his amended complaint and to only submit one amended complaint (doc. no. 11, p. 5), Plaintiff submitted an amended complaint (doc. no. 28), and a supplement to the amended complaint (doc. no. 30). Additionally, in his objections to the R&R, Plaintiff again argues that the Magistrate Judge should have taken into consideration the record as a whole (doc. no. 48, p. 2), when screening Plaintiff's "amended complaint."

Notably, however, Plaintiff was aware that he was required to submit only one amended complaint. Indeed, Plaintiff filed a "Motion to Alter/Amend Judgement" (doc. no. 25), wherein he sought to overrule the Magistrate Judge's September 11, 2009 Order denying Plaintiff's motion to add defendants and allowing Plaintiff ten additional days to file his amended complaint. More specifically, in his motion to alter judgment, Plaintiff takes issue with the Magistrate Judge's conclusion that, in direct contravention of the June 10, 2009 Order, Plaintiff attempted to incorporate by reference, all the facts set forth in the original complaint. (Id. at 1). Plaintiff asserted that he had submitted the documents at issue in the September 11, 2009 Order, prior to receiving the June 10th Order, and thus was unaware of the Order that "specifically prohibits Plaintiff from incorporating by reference facts from any prior pleading." (Doc. no. 25, p. 1). Yet, Plaintiff now, in his objections to the R&R, makes the same argument for incorporation by reference. To the extent Plaintiff objects to the R&R because the Magistrate Judge did not incorporate previously filed documents, his objection is **OVERRULED**. To the extent Plaintiff seeks to have the September 11th Order overruled, his request (doc. no. 25) is **DENIED**.

causes of action and not connect them to any Defendant, let alone to any actions by a Defendant. As noted by the Magistrate Judge, "Section 1983 requires proof of an affirmative causal connection between the actions taken by a particular person under color of state law and the constitutional deprivation." LaMarca v. Turner, 995 F.2d 1526, 1538 (11th Cir. 1993) (internal quotation marks and citations omitted). Here, Plaintiff has not named any specific Defendant in relation to his purported state claims (i.e., Plaintiff merely makes conclusory comments: "[T]he conduct of Defendants violates O.C.G.A. § 42-4-5, which constitutes a crime for 'willful inhumanity or oppression to any inmate,'" "Defendants breeched their legal duties under O.C.G.A. §§ 42-5-1 and 42-5-58 . . . ," and "Defendants are liable under Georgia Tort Claims Act for Negligence and gross negligence causing injury to a prisoner" (doc. no. 28, p. 16)). See Pamel Corp. v. P.R. Highway Auth., 621 F.2d 33, 36 (1st Cir. 1980) ("While we do not require technical niceties in pleading, we must demand that the complaint state with some minimal particularity how overt acts of the defendant caused a legal wrong.")). Thus, in the absence of an allegation of any connection between any actions of the named Defendants with the alleged claims for relief, Plaintiffs fails to state a viable claim.

Next, Plaintiff disagrees with the Magistrate Judge's recommendation that Defendant Owens should be dismissed. Plaintiff argues that he has asserted a claim against Defendant Owens for "widespread abuse" of the policy regarding access to the law library, and lack of a policy to protect inmates in imminent danger of serious harm. (Doc. no. 47, p. 3). Notably, however, as explained by the Magistrate Judge, Plaintiff proffered no allegations to suggest that Defendant Owens knew about any widespread abuse or that he was responsible for a

4

custom or policy which resulted in deliberate indifference to Plaintiff's safety and/or medical needs. Similarly, Plaintiff's claim concerning Defendant Owens and an alleged policy that denies inmates in protective custody access to the law library also fails. Again, Plaintiff did not describe any such policy, and as previously stated, Plaintiff has not shown that Defendant Owens was even aware that any such improper conduct was occurring. Plaintiff has not brought any new information to the Court's attention that would in any way indicate that Defendant Owens was aware of any widespread abuse.

Therefore, Plaintiff's objections are **OVERRULED**. Accordingly, the Report and Recommendation of the Magistrate Judge is **ADOPTED** as the opinion of the Court. Therefore, all claims arising at Autry State Prison ("ASP") and Defendants Bruce Chatman, Marty Allen, and Jane Doe (the librarian), are **DISMISSED** from the case, Defendant Owens is **DISMISSED**, and Plaintiffs claims for deliberate indifference to his safety, retaliation, and grievance procedure, are **DISMISSED**.

SO ORDERED this 2nd day of March, 2009, at Augusta, Georgia.

UNITED STATES DISTRICT JUDGE

5