ORIGINAL

FILED
U.S. DISTRICT COURT
AUGUSTA DIV.

2010 AUG 19 PM 1:44

CLERK C Adams
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | |
|---|---|
| MICHAEL L. LARKIN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CV 309-024 |
| ) | |
| FNU LAWRENCE, Deputy Warden, et al., ) | |
| ) | |
| Defendants. ) | |

# ORDER

After a careful, *de novo* review of the file, the Court concurs with the Magistrate Judge's Report and Recommendation ("R&R"), to which objections have been filed. Upon the screening of Plaintiff's amended complaint pursuant to 28 U.S.C. §§ 1915(e) & 1915A, Plaintiff was allowed to proceed with a claim of denial of access to the courts against Defendants Anthony Washington, the Warden at Johnson State Prison ("JSP"), and Ronnie Lawrence, the Deputy Warden at JSP, an Eighth Amendment claim for deliberate indifference to his medical needs against Defendant Tracy Jefferson, a Captain at JSP, and a general conditions of confinement claim against Defendant Sylvester Burton. Thereafter, Defendants filed a motion to dismiss Plaintiff's complaint. The Magistrate Judge recommended that Defendants' motion to dismiss be granted, and that Plaintiff's amended complaint be dismissed without prejudice for his failure to properly exhaust his administrative remedies. (Doc. no. 79.) Although Plaintiff raises numerous objections to

the R&R, only his objection as to the dismissal of Defendant Burton merits further comment.

The Magistrate Judge specifically noted that although Plaintiff exhausted his administrative remedies concerning his claims against Defendant Burton, he did not do so until after he had commenced the above-captioned case. (Id. at 9.) Plaintiff again argues, as he did in his opposition to Defendants' motion to dismiss, that he amended his complaint to include the allegation against Defendant Burton after he had completed the exhaustion procedure as to that claim. Therefore, Plaintiff argues that he had exhausted his administrative remedies prior to bringing his claim against Defendant Burton. (Doc. no. 83.) However, as stated in the R&R, exhaustion of administrative remedies is a "precondition" to filing an action in federal court, and Plaintiff had to complete the administrative process *before initiating this suit*. (Doc. no. 79, pp. 7-8.) Plaintiff argues that "it violates the spirit and the letter of the law (PLRA) to say that [Plaintiff] cannot state new claims in his amended compliant which were not fully exhausted when the case was filed." (Doc. no. 83, p. 2.) This argument misses the mark.

The Court notes that when Plaintiff was directed to file an amended complaint the Magistrate Judge explained that Plaintiff had not provided a statement of facts or the substantive basis for his claims in his complaint. (Doc. no. 11, p. 3.) It was apparent, however, from the document he had filed that he was attempting to assert a claim concerning alleged denial of access to the courts. (Id.) Importantly, the Order directing Plaintiff to amend his complaint in no way authorized Plaintiff to bring an unexhausted or otherwise improper claim. Rather, it simply directed Plaintiff to amend his complaint to provide a factual basis for his claims.

2

Finally, the Court disagrees with Plaintiff's conclusion that by determining that he failed to exhaust his administrative remedies concerning a claim he raised for the first time in his amended complaint, the spirit and letter of the Prison Litigation Reform Act ("PLRA") were violated. Plaintiff cannot continuously amend his complaint to add new and unrelated claims every time he has exhausted his administrative remedies concerning a new and unrelated complaint. Here, Plaintiff's original complaint addressed his allegation that he was being denied access to the court. After being directed to amend his complaint, Plaintiff decided to bring new claims against different Defendants that were not related to any of the claims that he raised in his original complaint. Thus, Plaintiff acknowledges that at the time he filed his original complaint, he had not exhausted his administrative remedies as to Defendant Burton. Plaintiff has not brought any new information to the Court's attention that would in any way alter the analysis set forth in the R&R.

Therefore, Plaintiff's objections are **OVERRULED**. Accordingly, the Report and Recommendation of the Magistrate Judge is **ADOPTED** as the opinion of the Court. Therefore, Defendants' motion to dismiss (doc. no. 53) is **GRANTED**, Plaintiff's complaint is **DISMISSED** without prejudice, Plaintiff's motion for a hearing is **DENIED**, and the case is **CLOSED**.

SO ORDERED this ⎽⎽ day of August, 2010, at Augusta, Georgia.

⎽⎽⎽⎽⎽⎽⎽⎽⎽⎽⎽⎽⎽⎽⎽⎽⎽⎽⎽⎽⎽⎽⎽⎽
UNITED STATES DISTRICT JUDGE